IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

    Gary Lee Pansier and
    Joan Renee Pansier,                  Case No. 18-22297-beh

        Debtors.                            Chapter 7

    Paul G. Swanson,

        Plaintiff,                     Adversary No. 20-02120-beh

    v.

    Joan Renee Pansier,
    Allyn Bader Barclay,
    Barbara Bader Taylor,
    Dale Leist, *trustee of Sheffield Crest Trust*,
    Robert L. Minarik, *trustee of Sheffield Crest Trust*

        Defendants.

**DECISION AND ORDER ON DEFENDANTS (SHEFFIELD CREST TRUST TRUSTEES) LEIST'S AND MINARIK'S JOINT MOTION TO DISMISS THE THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM AND ORDER TO SHOW CAUSE**

        In this adversary proceeding, the Chapter 7 trustee, Paul Swanson, alleges that debtor Joan Pansier exercises such control over the home she resides in, located at N6755 Loop Lake Rd. in Crivitz, WI (hereafter referred to as "the Crivitz Property"), that it is considered property of the bankruptcy estate despite that she does not hold legal title to it. ECF No. 68 at 8–9. Mr. Swanson further alleges that the bankruptcy estate is entitled to turnover of the Crivitz Property to satisfy the claims of various creditors. He relies on the

Court's previous decision in a related adversary proceeding[1]—which denied the debtors a discharge[2]—as giving way to the current proceeding. *See, e.g.,* ECF Nos. 1 and 68, at 3.

On June 24, 2021, at the Court's direction, Mr. Swanson filed his third amended complaint against debtor Joan Pansier, and four other parties. ECF No. 68.

The third amended complaint seeks an order from the Court (1) determining that Mrs. Pansier's residence at N6755 Loop Lake Road, Crivitz, Wisconsin, 54114 is property of the bankruptcy estate pursuant to 11 U.S.C. § 541; and (2) demanding turnover of the property to Mr. Swanson pursuant to 11 U.S.C. § 542. ECF No. 68. The complaint names Mrs. Pansier as a defendant in her position as the debtor and the person in possession, custody, and control of the property. *Id.* at ¶ 1. The complaint also names the beneficiaries of the Sheffield Crest Trust, Barbara Bader Taylor and Allyn Bader Barclay, and its two trustees, Dale Leist and Robert Minarik, as defendants. *Id.* at ¶¶ 4–7.

Mrs. Pansier and the trust beneficiaries filed answers to the complaint. ECF Nos. 71 and 73. The defendant trustees, however, filed a joint motion to dismiss. ECF No. 72. This is the second motion to dismiss filed by defendants Leist and Minarik. *See* ECF Nos. 51 and 54.

The trustees of the Sheffield Crest Trust move for dismissal of the complaint based on failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (incorporated by Bankruptcy Rule 7012) relying on multiple bases, which the Court summarizes as: (1) the complaint fails to allege that the trustees have committed misconduct, (2) the complaint fails to plausibly assert claims under 11 U.S.C. §§ 541 and 542, (3) the complaint fails to plead fraud with particularity under Federal Rule of Civil Procedure 9(b) (incorporated by

---

[1] *See Layng v. Pansier (In re Pansier),* 613 B.R. 119 (Bankr. E.D. Wis. 2020).

[2] Mrs. Pansier filed her bankruptcy petition jointly with Gary Pansier on March 19, 2018. *See* Case No. 18-22297, ECF No. 1. Mr. Pansier has since passed away, however, leaving Mrs. Pansier as the only remaining debtor-defendant in the instant proceeding. *See* ECF No. 49.

Federal Rule of Bankruptcy Procedure 7009), and (4) the request for relief is time-barred. ECF No. 72.

**ANALYSIS**

**A.     The Motion to Dismiss**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the sufficiency of the complaint rather than the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). "The essence of a defendant's Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts, it is that even assuming all of his facts are accurate, he has no legal claim." *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999). Dismissal is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "[T]he standard for evaluating the sufficiency of the complaint 'is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *In re Moore*, 620 B.R. 617, 631 (Bankr. N.D. Ill. 2020) (quoting *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011)).

With this guidance in mind, the Court will evaluate each of the defendants' four arguments for dismissal.

### 1. The complaint fails to allege that the defendant trustees have committed misconduct.

The Sheffield Crest trustees first argue that Mr. Swanson's complaint cannot survive a motion to dismiss because it does not assert factual allegations of their misconduct.

Mr. Minarik and Mr. Leist seem to argue, as did Mrs. Pansier previously, that the complaint must specify the trustees' particular conduct that would lead the Court to declare the trust an alter ego or sham.[3] This is incorrect. The theory that the Sheffield Crest Trust cannot be an alter ego because the

---

[3] This basis for dismissal was first raised by Joan Pansier, and fully explained in the Court's June 24, 2021 oral ruling denying her motion dismiss. *See* ECF No. 67.

defendant trustees are bound by Wisconsin trust law,[4] and they did not violate their statutory duties, may be a defense to one or more counts of the third amended complaint. But it does not satisfy the standard for a motion to dismiss. At this juncture, the Court must take the facts alleged in the amended complaint as true, and consider only whether those facts state a plausible claim for relief—not whether Mr. Swanson ultimately will prevail on his claim. *See Moore*, 620 B.R. at 631. Overall, the Sheffield Crest trustees make an ipso facto argument: if Mr. Swanson intends to prove that Mrs. Pansier exerted enough control over trust assets to make the trust her alter ago, he must also prove that the instant defendants fell short of their statutory duties as trustees. They offer no authority for this proposition, and relevant caselaw accepts that the section 541 analysis focuses on the debtor's conduct. *See, e.g., Pergament v. Yerushalmi (In re Yerushalmi)*, 487 B.R. 98 (Bankr. E.D.N.Y. 2012), discussed infra section A.3.

Particularly significant for this case is that under Federal Rule of Civil Procedure 19(a) (incorporated by Bankruptcy Rule 7019), all necessary parties must be included in a complaint so that they have the *opportunity* to defend their interests, no matter how remote. *See Hansen v. Peoples Bank of Bloomington*, 594 F.2d 1149, 1150 (7th Cir. 1979) (requiring the beneficiaries be named as parties in an action seeking to extinguish a trust because "judgment in favor of termination would not only impair their ability to protect that interest, but might actually operate to terminate their interest"); *Tankersley v. Albright*, 514 F.2d 956, 965 (7th Cir. 1975) (requiring beneficiaries be named as parties in an action seeking to extinguish a trust

---

[4] Mr. Swanson's response to the motion to dismiss suggests that the Court already "held" that the Sheffield Crest Trust "was not organized under state law" in its previous decision denying the debtors' discharges. *See* ECF No. 75, at 3 n.1. There was no such holding in the Court's factual findings. *See* Adv. No. 18-2222, ECF No. 74, at 6, ¶ 30 ("According to the debtors, the Sheffield Crest Trust 'was not organized under state law. . . . [T]he Trust is an irrevocable contractual trust agreement . . . .'"). *See also Glaeske v. Shaw*, 2003 WI App 71 ¶ 21 n.5, 261 Wis. 2d 549 ("The location of trust property is an important (and, in the case of trusts holding real estate, dispositive) factor in the choice of law applicable to a trust. . . . A trust funded with real estate must be governed by the law of the location of the real estate.") (citing *McMahon v. Standard Bank & Trust Co.*, 202 Wis. 2d 564, 573 (Wis. Ct. App. 1996)).

because "a full resolution of the trust's validity would intimately involve the rights of all beneficiaries of the trust").

This rule easily extends to trustees Minarik and Leist as indispensable parties needed to effectuate the relief requested. An indispensable party is "one who not only has an interest in the subject matter of the litigation, but such an interest that a final decree cannot be made without affecting that interest." *Williams v. Pacific Royalty Co.,* 247 F.2d 672, 675 (10th Cir. 1957). In bankruptcy, failure to join transferees as title holders of property is fatal to an adversary proceeding that seeks to alter that party's rights in the property. "The transferees are parties in interest and indeed are the then title holders and must be named as defendants in such an action . . . ." *Genova v. Champion,* 33 B.R. 930, 933 (Bankr. D. Colo. 1983). The very existence of such an interest does not need to be pleaded with certainty. *See In re Porras,* 312 B.R. 81, 118–19 (Bankr. W.D. Tex. 2004) (Chapter 7 trustee granted leave to amend the complaint to name subsequent transferee as a defendant "if they so desire," despite admitting that the validity of the transfer "[was] the subject of a factual dispute").[5]

"The general rule of the cases is that a subsequent purchaser of property should be joined." *Matter of Claxton,* 30 B.R. 199, 206 (Bankr. E.D. Va. 1983) (citing *Ciodo v. General Waterworks Corp.,* 380 F.2d 860 (10th Cir. 1967)). Only "when the court can afford complete relief to those already parties and disposition of the action will not impair the absent party's ability to protect his interest" can a court proceed. *Claxton,* 30 B.R. at 206 (citing *Trail Realty, Inc. v. Beckett,* 462 F.2d 396 (10th Cir. 1972)).

In actions to set aside contracts (in this case, the contract is the trust instrument), "all parties who may be affected by the determination of the action

---

[5] The Court notes the cases cited concern fraudulent transfers, but the requirement that indispensable parties be joined is not limited to claims under that Code section (*see In re Olympic Mills Corp.,* 333 B.R. 540, 551 (1st Cir. 2005) (applying Rule 19(b) in a dispute over the interpretation of a subordination agreement), nor is it limited to bankruptcy proceedings. *See Pasco Intern. (London) Ltd. v. Stenograph Corp.,* 637 F.2d 496 (7th Cir. 1980) (applying the rule in a tort/contract action).

are indispensable." *Lomayaktewa v. Hathaway,* 520 F.2d 1324, 1325 (9th Cir. 1975) (cited in *U.S. ex rel. Hall v. Tribal Development Corp.,* 100 F.3d 476, 479 (7th Cir. 1996)). A trustee holds a "bare legal interest" in the trust's assets upon transfer from the settlor to the trust. *In re Glick,* 568 B.R. 634, 669 (Bankr. N.D. Ill. 2017) (citing Bogert, *Law of Trusts and Trustees* § 141 at 2 (3d ed. 2012)). Trustees need not even be named in their representative capacities—as they are here—to be apprised of what the claim states where repeated references to the trust are made in the body of the complaint. *In re Schneider,* 417 B.R. 907, 913 (Bankr. N.D. Ill. 2009) (applying Illinois law). Here, Mr. Minarik and Mr. Leist are named as defendants because they have an interest in the Sheffield Crest Trust's primary asset—the Crivitz Property. This satisfies Rule 19 and they shall remain as defendants to allow them to represent their interests under the trust as they see fit.

### 2. The complaint fails to plausibly assert claims under 11 U.S.C. §§ 541 and 542.

The Sheffield Crest trustees next argue that Mr. Swanson's complaint cannot survive a motion to dismiss because it does not state a basis for relief under 11 U.S.C. §§ 541 and 542.[6]

As described by Mr. Swanson, courts often invoke sections 541 and 542 of the Code to bring trust property into a bankruptcy estate. *See Peters v. Bryan (In re Bryan),* 495 Fed. Appx. 884 (10th Cir. 2012) (reviewing bankruptcy court's finding that a trust was a sham spendthrift trust, and finding the trust's assets to be part of the bankruptcy estate); *Connolly v. Baum (In re Baum),* 22 F.3d 1014, 1017 (10th Cir. 1994) ("Thus, if the trusts are shams or otherwise void under Colorado law the trust property is includable in the bankruptcy estate."); *In re Dawes,* No. 06-11237, 2008 WL 4822526, at *6 (Bankr. D. Kan. Oct. 29, 2008) ("Therefore, if the trusts are shams or alter egos of the Debtor under Kansas law, the Trust Corpus would be included in the

---

[6] Joan Pansier also raised this second argument, which the Court rejected in its February 27, 2021 oral ruling denying her motion dismiss. *See* ECF No. 32.

estate and the IRS's claim would be secured by the corpus, assuming its lien would attach to that interest.").

Further, the court in *In re Yerushalmi* explained that before a bankruptcy trustee can demand turnover of property, the court first must declare that the property is property of the estate, and thus subject to turnover. The question of "what is property of the estate?" lends itself to a declaratory judgment under § 541, so that the bankruptcy trustee may (or may not) then demand turnover of the property under § 542. *See* 487 B.R. at 108; *see also In re LB Steel, LLC*, 547 B.R. 790, 792 (Bankr. N.D. Ill. 2016) (making a determination that funds were not property of the estate and therefore not subject to turnover) ("Because only property of the estate is subject to turnover, it is not uncommon for a party to bring a complaint . . . seeking both a declaratory judgment that certain property is estate property and a request for turnover."); *Carpenter v. Fanaras (In re Fanaras),* 263 B.R. 655 (Bankr. D. Mass. 2001). In sum, Mr. Swanson *first* asks the Court to determine whether the Crivitz Property is property of the estate, under the authority of § 541, and *then* he may request, under the authority of § 542, that the Court order the asset be turned over to the bankruptcy estate. These statutory bases are identified together by Mr. Swanson because they are interdependent and must be litigated in turn.

Because both sections 541 and 542 provide a basis for relief, the complaint states plausible legal claims for Mr. Swanson to assert his theory of "piercing the veil"/alter ego/sham. Any argument that this theory will fail, or there is insufficient evidence, is a merits defense better suited for the summary judgment or trial stage.

### 3. The complaint fails to plead fraud with particularity under Federal Rule of Civil Procedure 9(b).

Next, the Sheffield Crest trustees argue that Mr. Swanson's complaint must be dismissed because it does not meet the heightened standard to plead fraud under Federal Rule of Civil Procedure 9(b) (incorporated by Federal Rule of Bankruptcy Procedure 7009). Under Rule 9(b), a plaintiff "alleging fraud or mistake . . . must state with particularity the circumstances constituting fraud

or mistake." A plaintiff ordinarily must describe the "who, what, when, where, and how" of the fraud. *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016).

Rule 9(b) does not apply to Mr. Swanson's causes of action. Courts construe Rule 9(b) strictly; "it applies to fraud and mistake and nothing else." *Kennedy v. Venrock Associates,* 348 F.3d 584, 593 (7th Cir. 2003). The third amended complaint does not state a claim for fraud against trustees Minarik and Leist, nor does it need to. Nowhere in §§ 541 and 542 is fraud mentioned, despite its usage in other sections, as argued by the trustees. *See* §§ 548 ("Fraudulent transfers and obligations") and 550 (holding transferees liable for transfers under § 548).[7]

Where Congress intends to mandate a heightened burden in the Bankruptcy Code, it will do so unambiguously. *See In re Bay Area Glass, Inc.,* 454 B.R. 86, 90 (9th Cir. BAP 2011) (court declining to add to the Code's language where it affords an appropriate result without such an addition) (citing *Hamilton v. Lanning,* 560 U.S. 505, 514, 130 S.Ct. 2464 (2010) (only those Code sections that expressly mandate multiplication require its use)). Therefore, absent the use of the word "fraud" in §§ 541 and 542, especially where other Code sections employ it, the Court cannot conclude that those sections inherently are subject to the heightened pleading requirements of Rule 9(b).

Nor does the nature of Mr. Swanson's claim under section 541 necessitate a finding of fraud against the Sheffield Crest trustees. To prevail on an "alter ego" theory, a plaintiff must show that a party—here, allegedly Mrs. Pansier—exercised complete domination and control of an entity, and used such control to commit a wrong or fraud that resulted in injury to the plaintiff. *See In re Archdiocese of Milwaukee*, 483 B.R. 693, 698 (Bankr. E.D. Wis. 2012) (citing *Consumer's Co-op. v. Olsen,* 142 Wis. 2d 465, 484, 419 N.W.2d 211

---

[7] So far, only the Pansiers have been found to have acted fraudulently. *See In re Pansier,* 613 B.R. at 150–51, 163–64 (concealment of assets under section 727(a)(2) and false oaths under section 727(a)(4)(A)).

(1988)). "[T]he alter ego doctrine can be applied in reverse to reach the assets of a controlled entity" and it is appropriate to do so "'when the controlling party uses the controlled entity to hide assets or secretly to conduct business to avoid the pre-existing liability of the controlling party.'" *Id.* (quoting *Olen v. Phelps,* 200 Wis. 2d 155, 163, 546 N.W.2d 176 (Wis. Ct. App. 1996)). *Compare Yerushalmi*, 487 B.R. at 108 ("The Trustee has *not* sued the Defendants for fraud. Nor is the Trustee seeking to enforce a judgment or hold the [trust] liable for the obligations of the Debtor. The Trustee's action is equitable in nature. He seeks a declaratory judgment that the [trust] is the alter ego of the Debtor. The consequence of such a determination would be that the Trustee is entitled to demand turnover of the assets held by the [trust] because those assets are property of the estate under section 541. The Court finds that thus framed, the Trustee's alter ego claim is [not] subject to . . . the six-year statute of limitations for fraud under New York law . . . ."). Here, the defendants may ask the Court to weigh, among other things, whether the defendant-trustees' conduct supports a finding that they exercised control over the trust's assets such that Mrs. Pansier could not be found to have exercised complete domination and control to make the trust her alter ego.

### 4. The request for relief is time-barred.

Additionally, the Sheffield Crest trustees argue that Mr. Swanson's complaint should be dismissed because it relies on legal theories that are now time-barred.[8] Messrs. Minarik and Leist assume that the complaint relies on 11 U.S.C. §§ 544 (avoidance actions), 548 (fraudulent transfers), and 550 (recovery), which all, in turn, rely on a statute of limitations imposed by 11 U.S.C. § 546.

Contrary to their assumption, this action may proceed without the application of the statute of limitations of section 546. "[T]here is no statute of limitations or reach back period imposed on a trustee's cause of action to

---

[8] Joan Pansier also raised this argument, which the Court likewise rejected in its February 27, 2021 oral ruling denying her motion dismiss. *See* ECF No. 32.

recover property of the estate under section 542 of the Bankruptcy Code." *Yerushalmi*, 487 B.R. at 107; *see also In re Mushroom Transp. Co.*, 382 F.3d 325, 337 (3d Cir. 2004) ("The Bankruptcy Code does not impose a statute of limitations on turnover claims arising under [§ 542].") (citing *In re Midway Airlines, Inc.*, 221 BR. 411, 458 (Bankr. N.D. Ill. 1998)). Nor do the defendant trustees cite to any applicable state statute of limitations that would bar Mr. Swanson's cause of action under section 541. *See Yerushalmi*, 487 B.R. at 107–08 (where the plaintiff Chapter 7 trustee sought a declaratory judgment that a trust was the debtor's alter ego under section 541, the claim was not subject to the state statutes of limitations applicable to fraud or the enforcement of judgments: "The facts of this case—that is a bankruptcy trustee seeking to recover estate assets on an alter ego theory—are distinguishable from non-bankruptcy alter ego cases pursued by and for the benefit of individual creditors seeking to hold an alter ego liable for the obligations of another.").

For all these reasons, the Court will deny the defendant trustees Leist's and Minarik's joint motion to dismiss Mr. Swanson's third amended complaint as to them, or to any of the other defendants.

**B.     The Need for Representation by Counsel**

While not raised by Mr. Swanson, the Court identifies another issue that must be addressed. The Seventh Circuit requires corporations to be represented by counsel, as they generally are in a better financial position to afford one and differ considerably from natural persons. *U.S. v. Hagerman,* 545 F.3d 579, 581 (7th Cir. 2008). The United States District Court for the Eastern District of Wisconsin has extended this ruling to require all legal entities, including trusts, to hire counsel. *See* Gen. L. R. 83(e). ("Only natural persons . . . may appear pro se. Legal entities, such as corporations, partnerships, unincorporated associations, limited liability companies, or trusts, must be

represented by legal counsel.").[9] Entities must hire counsel regardless of their size, even if owned by a few individuals or a single person. *U.S. v. Certain Real Property,* 381 F.Supp.3d 1007, 1008 (E.D. Wis. 2018).

     Admittedly, the entities in the cases cited above were also named as defendants, a distinction the Court notes is not present here. But those entities were corporations, not trusts—the latter of which generally can act only through a trustee. *See, e.g., Tallmadge v. Boyle,* 2007 WI App 47, ¶ 24, 300 Wis. 2d 510, 527, 730 N.W.2d 173, 182 ("[T]he law in this state requires that when a third party damages trust property, it is the trustee and not the beneficiary of the trust who is the proper party to maintain an action for the damages."); *see also Lambrecht v. Taurel,* No. 1:08-CV-68-WTL-TAB, 2010 WL 2985943, at *1 (S.D. Ind. July 27, 2010) ("Unfortunately, the Shashoua Living Trust may not appear in federal court pro se, but rather must be represented by an attorney . . . .") (citing *Knoefler v. United Bank of Bismarck,* 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se,' has no right to represent another entity, i.e., a trust, in a court of the United States."); *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697–98 (9th Cir. 1987) ("He may not claim that his status as trustee includes the right to present arguments pro se in federal court.")); *Chase Bank USA, N.A., v. Jacucci,* No. 19-CV-62318, 2020 WL 10229080, at *1 (S.D. Fla. Jan. 17, 2020) (trustee of irrevocable trust could not represent the trust pro se; court struck pleadings filed by the trustee and required him to retain counsel admitted to practice before the court within 30 days).

     Guided by the *Hagerman* ruling and the authority described above, the Court will require the trustees to show cause as to why they should—or should not—be able to proceed without legal counsel. "[T]he right to conduct business in a form that confers privileges, such as the limited personal liability of the

---

[9] Although the District Court's rule does not apply in this proceeding by virtue of this Court's Local Rule 9029(a) ("Unless otherwise directed by the court or these Local Rules, the Local Rules of the United States District Court for the Eastern District of Wisconsin do not apply to cases or proceedings in the bankruptcy court."), it does not follow that a trustee therefore is allowed to represent a trust *pro se* in bankruptcy court.

owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity." *Hagerman,* 545 F.3d at 582.

## CONCLUSION AND ORDER

Based on the analysis above,

IT IS HEREBY ORDERED that the joint motion of Defendants Minarik and Leist to dismiss Mr. Swanson's third amended complaint is DENIED.

IT IS FURTHER ORDERED that, no later than **November 22, 2021**, the trustee defendants Minarik and Leist must submit statements responding to this Order to Show Cause. Should Mr. Swanson wish to respond, he must do so by **November 29, 2021.**

IT IS FURTHER ORDERED that the November 10, 2021 status conference is **canceled,** and the Court instead will hold a status conference on **December 8, 2021 at 10:00 AM via telephone**. To appear by telephone, the parties must call the Court conference line at 1-888-808-6929, and enter access code 9122579 before the scheduled hearing time.

Dated: November 4, 2021

By the Court:

_____
Beth E. Hanan
United States Bankruptcy Judge